UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: ) | |
| ) | |
| MOHAMMAD NAWAZ RAJA ) | Case No. 08-18049-SSM |
| ) | Chapter 7 |
| Debtor ) | |
| ) | |
| INDYMAC FEDERAL BANK, FSB ) | |
| ) | |
| Movant ) | |
| ) | |
| vs. ) | |
| ) | |
| MOHAMMAD NAWAZ RAJA ) | |
| ) | |
| Respondent ) | |

**MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR REHEARING**

Before the court is the debtor's motion for rehearing with respect to the order of April 15, 2009, granting IndyMac Federal Bank, FSB, formerly known as IndyMac Bank, FSB ("IndyMac") relief from the automatic stay to enforce a deed of trust against real property located at 42907 Park Brooke Court, Ashburn, Virginia.[1] Because the automatic stay with respect to enforcement of a prepetition lien against property of the debtor terminated when the debtor was granted a discharge, and because the trustee did not oppose relief with respect to any residual interest the bankruptcy estate might have in the property, a rehearing on the issue of

---

[1] The debtor has also subsequently filed a notice of appeal. However, a notice of appeal that is filed before the disposition of timely-filed post-trial motions "is ineffective" until the entry of an order disposing of the last such motion is entered. Fed.R.Bankr.P. 8002(b). Hence, this court has jurisdiction to rule on the motion for rehearing notwithstanding the filing of the notice of appeal.

whether IndyMac Bank is indeed the real party in interest would serve no purpose.  Put another way, whether IndyMac is or is not the actual owner (as distinguished from the holder) of the note is now beside the point, since the order in question was entered <u>after</u> the automatic stay expired as a matter of law.

The debtor—then represented by counsel— filed a voluntary petition in this court on December 23, 2008, for relief under chapter 7 of the Bankruptcy Code.  Among the assets listed on his schedules was real property located at 42907 Parkbrooke Court, Broadlands, Virginia.  The property is shown as being jointly owned with the debtor's wife and is valued at $527,000, subject to liens totaling $596,190.  Specifically, the schedules show the property as subject to a mortgage in favor of "Indymac" and a second mortgage in favor of E*trade.  The debtor's statement of intention with respect to IndyMac's lien was to retain the property and "attempt to modify loan."

These schedules, it should be noted, were filed after IndyMac filed its motion for relief from the automatic stay on the ground that the note was in default.  The motion alleged that the amount due was $568,580 and that, based on a broker's price opinion showing a current market value for the property of $440,000, there was no equity in the property.  Attached to the motion were copies of a promissory note dated April 6, 2006, in the original principal amount of $491,250.00 payable to IndyMac Bank, F.S.B. and a deed of trust, recorded on April 11, 2006, against the Park Brooke Court property securing repayment of the note.

The trustee filed a report of no distribution on February 2, 2009.  That same day, the debtor filed a lengthy *pro se* response (with 68 pages of exhibits) opposing the motion for relief from stay primarily on the ground that IndyMac, even if it had physical possession of the note,

had "sold the note to an unidentified investor at sometime prior to the filing of this bankruptcy case," and that without joinder of the actual owner as the real party in interest, the motion for relief from stay could not go forward.[2] The debtor's response also contested the valuation of the property, asserting that three appraisals that had been performed in the September to December 2008 time frame had valued the property from $527,000 to $548,000. The debtor also asserted that IndyMac was guilty of predatory lending and had violated the Truth in Lending Act and other Federal and State laws by "placing [the debtor] intentionally in a loan product with significantly worse and higher cost." Although the debtor's response had been filed *pro se*, the debtor's attorney appeared at the preliminary hearing, which was then twice continued.

Following the second hearing, the debtor filed *pro se* a lengthy motion to compel asserting that IndyMac had ignored both a qualified written request and a rescission and demand letter he had sent and asking for an order requiring IndyMac "to file documents canceling the documents of the record and to issue judgment for damages and refunds as the statute and regulation specify that the security interest, promissory note or lien arising of operation of law on property becomes automatically void." The debtor's attorney then moved to withdraw as counsel. At the continued hearing on the motion for relief from the automatic stay, the court granted the attorney's motion to withdraw and conditionally set an evidentiary hearing to determine whether IndyMac was the real party in interest. In doing so, however, the court noted that the debtor was likely to receive his discharge in the relatively near future, and that if that were to occur, the automatic stay would terminate as a matter of law. § 362(c)(2)(C),

---

[2] The objection does not state a factual basis for the assertion that the note was sold. Instead, the objection seems to rely on the fact that it is common practice in the mortgage industry for mortgage notes to be bundled together and sold to asset securitization trusts.

Bankruptcy Code. *See*, Order Conditionally Setting Final Hearing (April 9, 2009). After the debtor in fact received a discharge prior to the scheduled date of the evidentiary hearing, the court entered an order tendered by IndyMac granting relief from the automatic stay.[3]

The motion for rehearing largely reiterates the arguments made in the original response opposing the motion. The only argument the court can discern that was not previously made is the contention that IndyMac's attorney "used the delaying tactics during the preliminary hearings by requesting the repeated continuance" in order to avoid having "to produce the documents in support of their motion and questions raised by the debtor in challenging their standing." The first two continuances, however, were with the concurrence of the debtor's attorney, presumably to allow him and IndyMac's attorney an opportunity to resolve the issues consensually. The third hearing was treated as a status conference and was used to schedule an evidentiary hearing to resolve the issue of who owned the note. The court can see nothing nefarious or out of the ordinary in the prosecution of the motion. IndyMac could have just as easily not filed a motion at all and could simply have waited for the debtor to receive his discharge and the case to be closed.[4] Given the expense of bringing witnesses to testify at an evidentiary hearing, it would certainly make sense (unless there were an urgent need to move forward) simply to wait until the automatic stay terminated of its own accord.

---

[3] Since the stay had terminated as a matter of law as to the debtor, the only actual effect of the order was to terminate it as to the chapter 7 trustee.

[4] The closing of the case constitutes an abandonment of scheduled property that has not been administered, § 554(c), Bankruptcy Code, thereby terminating the automatic stay as to any interest of the bankruptcy estate in such property. § 362(c)(1), Bankruptcy Code.

In short, the court does not find that the debtor has set forth any compelling grounds for rehearing the motion for relief from automatic stay. Because the automatic stay has terminated as a matter of law with respect to the debtor, there is simply no relief that can be granted. The court does stress, however, that relief from the automatic stay simply removes a temporary barrier to the enforcement of creditor rights and is not a final determination of the creditor's right to enforce its claimed security interest. *See Grella v. Salem Five Cent Savings Bank,* 42 F.3d 26 (1st Cir. 1994) (holding that order granting relief from the automatic stay does not have preclusive effect). The debtor remains free to bring an action in state court challenging IndyMac's right to foreclose and may bring in state or federal court any claim to enforce rescission under the Truth in Lending Act or for relief under other statutes.

For the foregoing reasons, it is

**ORDERED:**

1. The motion for rehearing is denied.

2. The clerk will mail a copy of this order, or give electronic notice of its entry, to the parties listed below.

Date: _____        _____
                                    Stephen S. Mitchell
Alexandria, Virginia                United States Bankruptcy Judge

Copies to:

Mohammad Nawaz Raja
42907 Parkbrooke Court
Ashburn, VA 20148
Debtor *pro se*

Diann E. Green, Esquire
8101 Sandy Spring Road,#100
Laurel, MD 20707
Counsel for IndyMac Federal Bank, FSB

Gordon P. Peyton, Esquire
Redmon, Peyton & Braswell
510 King Street, suite 301
Alexandria, VA  22314